# SACCO & FILLAS LLP

3119 Newtown Ave., 7th Floor  Ph: 718-269-2243
Astoria, New York 11104  CTucker@SaccoFillas.com

August 10, 2022

**MEMORANDUM ENDORSED**

<u>VIA ECF</u>
Hon. Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2022

    Re:    <u>Velasquez v. Norrona Sport, Inc. et al</u>
    Case No.:    1:22-cv-02951-GHW

Your Honor:

    This office represents Defendant 67-65 Greene Street, LLC ("Greene"). We respectfully submit this letter for a pre-motion conference regarding a motion to dismiss.[1] Defendant Greene will move this Court for an order **(1)** pursuant to Fed. R. Civ. P. 12(b)(1) and the mootness doctrine, dismissing the Complaint as against Defendant 67-65 Greene Street, LLC; **(2)** pursuant to Fed. R. Civ. P. 12(b)(6) and Article III, Section 2 of the United States Constitution and Fed. R. Civ. P. 12(b)(6), for lack of standing, and **(3)** pursuant to 28 U.S.C. § 1367, dismissing the remaining state and local claims for lack of original or supplemental jurisdiction.

    Plaintiff brings his federal claim under Title III of the ADA against Defendant Greene for an alleged failure to provide an accessible entrance and exit due to steps.[2]

    Defendant Greene's building is in a historic district; therefore, all changes to the face of the building must be approved by the Landmarks Preservation Commission. On May 11, 2020, before the Complaint in this case was filed, Defendant Greene applied to install a street-level elevator. Exhibit A.[3] While the application remains pending, Defendant Greene installed an assistance bell and made a portable ramp available, as allowed under 28 C.F.R. § 36.304.

**<u>Plaintiff's Claims are Moot.</u>**

    Plaintiff's claims are moot.[4] The ADA allows only injunctive relief, no monetary award. <u>Brief v. Albert Einstein College of Medicine</u>, 423 F. App'x 88, 90 (2d Cir. 2011). "A claim under the

---

[1] We respectfully note the Court's Individual Rules of Practice in Civil Cases states, "a pre-motion submission regarding a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the date of the pre-motion conference."

[2] Claims concerning the interior of the premises are directed to the tenant, NORRONA SPORT, INC

[3] Ex. A is attached as multiple exhibits due to size restrictions on uploading to SDNY ECF.

[4] In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. <u>See</u> <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000); <u>Kamen v. American Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986).

ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation." Thomas v. Ariel W., 242 F. Supp. 3d 293, 305 (S.D.N.Y. 2017). Where Defendants made permanent structural alterations, recurrence is highly unlikely and Defendants are entitled to judgment as a matter of law, dismissing claims regarding already-remedied conditions as moot. Id. "Voluntary cessation of allegedly illegal activity may render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Clear Channel Outdoor, Inc. v. City of New York, 594 F.3d 94, 110 (2d Cir. 2010).

Here, there is no reasonable expectation that the alleged violation will recur and interim relief eradicated the violation to the greatest extent possible. Defendant Greene took every step possible to install an elevator but cannot do so without the City's approval. In the interim, Defendant Greene installed a handicap-accessible bell and portable ramp, which is allowed under 28 C.F.R. § 36.304. Defendant Greene has zero incentive to allow alleged ADA violations to recur.

In opposition, Plaintiff may cite Kreisler v. Second Ave. Diner Corp., No. 10 CIV. 7592 RJS, 2012 WL 3961304 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013); however, that case is inapplicable. In Kreisler, a defendant installed a portable ramp without having applied to install a permanent remedy.[5] Conversely, here, the Defendant applied to install a permanent elevator long before Plaintiff went to the building and installed a temporary ramp and bell in the interim.

Lopez v. Garcia Apartments, LLC, No. CV1403315ABPLAX, 2014 WL 12696711 (C.D. Cal. Dec. 19, 2014) is compelling. In Lopez a defendant could not permanently remove a front step barrier because it was prohibited from constructing a ramp on a public right-of-way and so defendant used a temporary ramp 'when installation of a permanent ramp is not readily achievable'. 28 C.F.R. 36.304(e)." Id. The Lopez defendant installed a buzzer and signage for wheelchair users. Id. The Court held, "while the non-permanent nature of Defendants' remedy makes it possible for subsequent violations to occur, the Court finds it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur in the future" and "permanent fixture of a buzzer and signage and use of the portable ramp … irrevocably eliminated the effects of the violation." Id. The Lopez plaintiff's claims were moot. In the case at bar, Plaintiff's claims are also moot and should be dismissed.

**Plaintiff Failed to Plausibly Establish Standing**

For standing, Plaintiff must prove, in relevant part, that "plaintiff intends to return to the subject location." Calcano v. Cole Haan LLC, No. 19 CIV. 10440 (AT), 2021 WL 849434, at *2 (S.D.N.Y. Mar. 5, 2021). "In considering whether a plaintiff's intent to return is plausible, courts have considered '(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant … A mere "[i]ntent to return to the place of injury 'someday' is insufficient." Id. Moreover, legal conclusions "must be supported by factual

---

[5] "Permanent structures on sidewalks are subject to approval by the New York City Department of Buildings ("NYCDOB") and Department of Transportation ("NYCDOT")." Kreisler, No. 10 CIV. 7592 RJS, 2012 WL 3961304, at *8 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013) (citing 34 Rules of the City of N.Y. § 7–04(a)). Furthermore, in the case at bar, Plaintiff cannot prevail on a NYSHRL claim because the elevator installation is not "readily achievable" without approval. Id (citing N.Y. Exec. Law § 296 (requiring "readily achievable" accommodation)).

allegations" to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (applying Fed. R. Civ. P. 12(b)(6)).

In the case at bar, Plaintiff fails to allege (a) the date or time he visited the Defendant's building; (b) whether he intends to return (c) the reason he went to the building (d) why he desires to visit the building in the future; or even (e) what kind of establishment exists at the building.

Furthermore, a plaintiff's voluminous "other ADA litigation may undercut the sincerity of his intent to return" to the premises. Calcano, No. 19 CIV. 10440 (AT), 2021 WL 849434, at *3. In the case at bar, Plaintiff Ricardo Velasquez has filed over 100 claims with the Weitz Law Firm, P.A.. see e.g., Velasquez v. Eastgate Whitehouse LLC, No. 21-CV-2949 (VEC), 2021 WL 4909975 (S.D.N.Y. Oct. 20, 2021) ("Mr. Velasquez is a frequent ADA plaintiff" and, "counsel, Ben-Zion Bradley Weitz, is a frequent flier in [the S.D.N.Y.]" and referring to high volume, low effort, cookie cutter cases and such high volume and low effort leading to failure to comply with court orders).

For the foregoing reasons, Plaintiff's claims should be dismissed for lack of standing.

**Plaintiff's Remaining Claims Should be Dismissed for Lack of Jurisdiction**

"In light of the dismissal of Plaintiff's only federal claims, the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims ...." Cangelosi v. Gabriel Bros., No. 15-CV-3736 JMF, 2015 WL 6107730, at *3 (S.D.N.Y. Oct. 15, 2015) (declining to exercise supplemental jurisdiction over plaintiff's NYLL claims). Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction." In making this determination, district courts consider "the values of judicial economy, convenience, fairness, and comity." Carnegie—Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. n.7. Indeed, the "general rule" in the Second Circuit is that "where the federal claims are dismissed before trial, the state claims should be dismissed as well." John v. New York City Dep't of Educ., 313 Fed. Appx. 404, 2009 WL 535972, at *1 (2d Cir. Mar. 3, 2009) (citing Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994)); Smith v. Bronx Community College Ass'n, No. 16-CV-3779 (JMF), 2017 WL 727546, at *2 (S.D.N.Y. Feb. 23, 2017) (same) (citing cases) (declining to exercise supplemental jurisdiction).

Here, there is no reason to depart from this general rule, given the very early stage of the case. Accordingly, the Court has every reason to decline to exercise supplemental jurisdiction over the remaining state law claims, which should be dismissed.

We thank the Court for the time and attention devoted to this matter.

Application granted. The Court will hold a pre-motion conference to discuss Defendant Greene's proposed motion to dismiss on August 16, 2022 at 4:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

Respectfully submitted,

By: ___/s/ Clifford Tucker___
        Clifford Tucker, Esq.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 21.
SO ORDERED.
Dated: August 11, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge